Good morning, Your Honors. May it please the Court, my name is Mary Jean Chan and I represent the United States in this government appeal. I'd like to reserve two minutes for rebuttal. This Court should reverse the District Court because it did not have jurisdiction to reduce Thornton's sentence. Under Austin, this Court's case, Thornton's sentence was not, quote, based on a sentencing range and, quote, lowered by an amendment to the sentencing guidelines, as required by 18 U.S.C. 3582 C.2, but rather on his Rule 11 C.1.C. plea agreement's stipulation to a 96-month sentence, where the plea agreement did not expressly link that 96-month sentence to any range under the guidelines. Moreover, Thornton's applicable sentencing range was set by his mandatory minimum of 60 months and also not lowered by the crack guideline amendments. If this Court finds that there was jurisdiction to reduce – Are you not relying on the waiver? I don't think we have to rely on the waiver, but if this Court finds that there was jurisdiction by the District Court, then we ask that this Court nevertheless also reverse the District Court and remand for dismissal based upon the waiver, because Thornton clearly and expressly waived his right to file a 3582 motion in his plea agreement, and that was a negotiated provision. And so we are relying only in the alternative. Why would we have to remand? What's the reason for that procedure? Well, because the District Court in this case found that there was no volunteer – Because the District Court did exercise – did not rely on the waiver itself. It did not rely on the waiver. It entertained the defendant's motion, finding specifically that Thornton's waiver was not valid, that it was not knowing and not voluntary. That was in clear contravention to this Court's case law in Cardenas and in other cases, stating that a defendant doesn't have to know future developments in the law at the time that he is waiving a right in the plea negotiations, in the plea context. The District Court found that the waiver – dismissed the waiver as invalid and then proceeded to entertain the defendant's motion. What the District Court should have done was recognize that the waiver was valid and then dismiss the defendant's motion. Of course, if he were to then proceed to the merits, if this Court were to find that there was jurisdiction, he could, you know, potentially, you know – well, no, he shouldn't get to the merits. But in any case – Wait a minute. Okay. There's the sua sponte option that the District Court – Right. – run afoul of the waiver, arguably. You're saying there would be no basis for the – or no jurisdiction, as you're putting it, for the District Court to then sua sponte revisit it because it doesn't meet the criterion of being a sentence based on the guidelines. That's correct, Your Honor. And so even if the District Court were to correctly or actually sua sponte make a motion, it would not have jurisdiction to grant any reduction. Of course, our contention is that in this case, there was no sua sponte motion. Well, let's assume just – Yes. I mean, if we went back or something – it got back before the District Court in some fashion. It's not based on the guidelines. It's 96 months. And as I understand the record, there is some calculations between the mandatory minimum – I guess it was 5 years under one set of circumstances and then a mandatory minimum of 10 years. The 96 months seems to be some kind of negotiated deal between the two mandatories. Is that – and it didn't have anything to do with the guidelines? Yes, Your Honor. And it's certainly not – there are many ways to get to a 96-month sentence. And the critical point is under Austin and under the controlling concurrence in Freeman, it's not reflected within the four corners of the Rule 11c1c plea agreement. That's the operative point, which is that we think that it's – that the 96-month sentence was a negotiation or a compromise between the 5-year mandatory minimum. 96 months is 8 years, Your Honors, 5 years. And if the government had filed the 851 information alleging a prior felony, that would have subjected Mr. Thornton to a required mandatory minimum of 120 months, 10 years. So 8 years is somewhere between there. What, you know, the probation office in its sentence reduction investigation report thought the 96 months could have come from was by a deviation from the applicable guidelines. There's no basis for that assumption. It's certainly not reflected in the Rule 11c1c plea agreement. The district court in granting the reduction suggested that it was some sort of variance, but also never makes exactly clear what that would be. So the point is that as Judge Justice Sotomayor wrote in the concurrence, it has to be expressly put forth. The link between the stipulated sentence has to be expressed expressly in the four corners of the agreement. And that just simply wasn't the case here. It's really, Austin is completely controlling. In that case, you had a stipulation of 17 years. In that case, the plea agreement didn't have a criminal history category, but also acknowledged the court's duty to independently consult the sentencing guidelines. And under those circumstances, this Court said that doesn't meet the jurisdictional prerequisite of 3582c2. So I guess I'm not clear after hearing your argument. If we disagree with you on jurisdiction, where does that leave us? If you disagree with me on jurisdiction. See, I thought you were briefing, saying you have the waivers clear. But in hearing your argument, you seem to suggest we should remand. No, no, no, no, Your Honor. We're saying that the jurisdictional point is clear. No, no, no, no. Leaving aside the jurisdictional point. Yes. Well, that the waiver is clear. But what you would have to do, I think, procedurally, is if you don't find, if you find that there was jurisdiction. Yes. That you would remand for dismissal of the defendant's motion. Because that's the appropriate remedy. What the district court should have done was, unfortunately. When you said remand, I took it to mean you want for some further proceedings in the district court. I gather if we find, we hold that there's jurisdiction, your position is that we ought to enforce the waiver. Absolutely, Your Honor. We cannot leave that as a discretionary matter for the district court. Yes. Okay. Yes. One last thing. With regard to, or not last, perhaps. As to the mandatory minimum argument. Yes. You have a forfeiture problem, right? You never made this argument in the district court. Is that right? I'm sorry. I'm not sure. You never made the argument about the mandatory minimum in the district court. Oh, yes. It's a plain. It's subject to review under plain error. And we contend that it was plainly erroneous because under the 3582C2 analysis that's elucidated by this court in the Pleasant case, it has to be a reduction of the applicable guidelines. And the applicable guidelines here are set under section 5G1.1 of the sentencing guidelines. That states that if the mandatory minimum is higher than the range otherwise that would be calculated, that displaces what that range would be, and that is the guidelines sentence, that is the guidelines range. So clearly there was an error because it doesn't meet the second prong for eligibility under 3582C2. But he was sentenced above the mandatory minimum here, right? Absolutely, yes.  No. Well, I think the argument, just to clarify, is that there are two prongs under 3582C2. Right. One is that it has to be based on a sentencing range that was lowered by the guidelines. Right. And then second, that it has to be consistent with sentencing commission policy. And that policy is set forth in section 1B1.10 of the guidelines. That section states that a defendant is not eligible for reduction unless his applicable guidelines range would be lowered by the amendment. That applicable guidelines range under the guidelines is set. I see. Your notion is that when it was applicable guidelines, the range wasn't lowered because it was still the mandatory minimum. Exactly. So it's sort of, it doesn't matter in that case whether the applicable guidelines range was what the defendant's sentence was based on. Those two are separate prongs, and sometimes there's confusion about those two. But it doesn't matter that his sentence was not based upon that applicable guidelines sentence. What matters is that under the guidelines, his applicable guidelines range was 60 months, and that was not lowered by amendments 748 and 750 of the guidelines. I always find it hard when the government, which rarely does, argues clear error and says that what the government didn't raise, the district court should have intuited. Well, yes. But we have a substantial interest in this case. The defendant got a really favorable deal. Why does that make a difference? Pardon me? Why does that make a difference? Under the plain error review standard. No. Well, we need it. I mean, there's a question whether actually it's plain error is appropriate in the circumstance where you apply the forfeiture of the argument. I mean, there's sort of a difference. But you're over your time. Thank you, Your Honor. And we'll give you some time for questions. Thank you very much. Good morning. I'm Laura Robinson representing Jimmy Lee Thornton. May it please the Court. I was originally going to talk about first the jurisdictional issue. But given what was just asked and talked about, I think I should address whether or not the plea agreement was tied to or tethered to the guidelines. Yes. Because I think there's been a lot of confusing points that were brought up in the briefing. And what I think needs to be ---- Can I just stop you a minute? What do you mean by the jurisdictional point? I understand that is the jurisdictional point. Well, there's the two problems. One is whether or not there's a 3552 waiver and whether or not the court has to ---- That's not, at least as your opponent argued, that's not jurisdictional. As our case law says, that's not jurisdictional. It's just a contract. So is that what you meant by the jurisdictional point? That's what I meant by the jurisdictional point.   Go ahead. But if I could go to whether or not, and I agree the state of the law is the plea agreement itself by its four corners must state that it's in fact based on the guidelines. And that is the case we have here. And what I think ---- Where? Sorry? Why don't you give me a specific reference? Okay. Well, paragraph 7 and paragraph 8, as well as a multitude of other sentences in the plea agreement, relate to ---- it says it's specifically based on the guidelines. I know the Court's looking at that right now, but what I want to clarify is there's been a lot of discussion, including right here today, that this is in fact based on the fact that the government didn't file a prior. But if you read the plea agreement very carefully, there's absolutely no mention about any such prior being filed or not filed as any basis for the reaching of the 96 months. The 96 months, according to the plea agreement, was completely irrelevant of any such prior. In fact, the prior is not even mentioned at the plea. It's not mentioned any time in the plea colloquy. It's not even mentioned in the sentencing. Does this go to the mandatory minimum point, is how we are going? No. This doesn't go to the mandatory minimum point, which I think the government has forfeited, that the mandatory minimums just place the guidelines. This goes to the fact that the government was arguing that the guidelines were in fact based on the fact that there was a mandatory minimum, it was based on the fact that there was a prior not filed. That's not what the record says. But the language is expressly used. Where do you expressly using the guideline range in the plea agreement? Okay. Paragraph 7. First sentence. I agree, quote, I agree that my sentence should be calculated pursuant to the sentencing guidelines. But there's no range, I guess is my point. Well, but there's almost never a range in the actual plea agreement. What the plea agreements usually lay out are the offense levels, and it's usually said that the criminal history category is not agreed upon. So therefore, there's never a range because the criminal history category is never agreed upon. But since the offense levels are, in fact, laid out, there's no requirement from the case law that the actual calculation of how they reached the 96 months or whatever sentences, that's not required. It just has to be based on. And it is based on. It says in several different areas in paragraph 7. Well, sure. It says that. I mean, I guess my concern, if you take Pleasant and Freeman together, it seems to you, they seem to indicate that you have to expressly set forth the guideline range in the plea agreement. Otherwise, you're not entitled to relief under the first prong. Except that in plea agreements, it's not usually set out. They set out the offense levels. Well, I see a lot of them, and some are. I mean, I can't, I can't, that's. Correct. The usual doesn't, how it's usually done doesn't necessarily make any difference for our legal analysis. It's not required. What is said, what's required is that it's based on the guidelines. It doesn't have to be. It says expressly use a guideline range. It says. That's my concern. I'm not arguing with you, but the language of the agreement just generically references the guidelines. But it generically, I don't think it generically. It basically says it's based on the guidelines. And that's the exact language that Freeman uses in the concurrence. The concurrence says it has to be based on the guidelines. And because the plea agreement explicitly says it's based on the guidelines, there is no other language. Well, it doesn't say. The next sentence, the next paragraph says, I agree that a reasonable and appropriate disposition of this case under the sentencing guidelines and 353A is as follows 96 months. So I suppose that's a statement that this 96 months represents some evaluation of the guidelines. Is that good enough? I think it's good enough. As well as there's no requirement that the actual math or how we reached it is important to distinguish a case in Austin. In Austin, they did come up with a number of 17 years, and that was pulled out of a hat, essentially. It doesn't say it was based on the guidelines, even though the guidelines were consulted. It says in Austin, which is different than our case and distinguishes our case, that as part of the agreement they were not filing the pliar. That's not said in our plea agreement. Even though the government basically has insinuated that's why this number was entered, that's not part of the plea agreement. And the law says if the plea agreement is at all ambiguous, that needs to be construed against the government. The plea agreement also says, I think it's paragraph 11. Are you going to address the waiver question? The waiver question? I think there's a. I mean, it seems pretty clear that he waived his rights under 3582. He said he did. So what's the. So you have an argument that says the government's been not relying on that, but they're relying on it here. So what do we do with that? I think what you do with that, there's something that's mandatory that was missing. Any kind of waiver, such as a waiver to appeal, a waiver to collateral attack, a waiver to 3582, needs to be addressed during the plea colloquy, and it was not addressed. The government has actually conceded this. And because it wasn't addressed, it's a mandatory flaw. It's a flaw that makes this waiver not knowing or voluntary. The court in the taking the plea talked about all the constitutional rights, talked about the waiver to appeal. But at no point did the district court ever address the waiver to collateral attack or the waiver under 3582. I mean, there's absolutely no reference to it, and it's mandatory under Rule 11, Subdivision N, that these waivers be discussed. That alone is a reason for this waiver not to be valid. In addition to that, the court has made a factual finding that it wasn't a knowing intelligence, knowing involuntary waiver. As well as the court. But that was on a basis that our case law really just doesn't permit. Isn't that right? Well, but I agree that it certainly looks along those lines, but also the court may have been referring to the fact that the court's aware that it wasn't addressed at the plea. The court also was the one who observed Mr. Thornton's demeanor and was privy to more information that's contained in a cold record. He did make a factual finding as well, just to go back to my other point. He made a factual finding in his order that the plea agreement was tied to the guidelines. And there's an actual quote if I could go back to that issue. On page ER10, the court says in its order, quote, here, as set out in the plea agreement, there was a specific guideline calculation made which utilized Thornton's applicable guideline range, end quote. Now, while he misstates the guideline range, I think he means offense level, because they're somewhat used interchangeably, because when we're talking about offense levels, we're talking about guidelines. So I don't think you need to actually say the specific guidelines when you're saying the specific offense levels. I think the court made factual findings here on both of these issues. And as far as the other issue of the court was just reviewing the documents, true? I think the court did more than just review the documents. The court was present. The court that was the sentencing judge, that is the judge that took the plea. Well, true, but there's no you didn't there wasn't a separate any evidence on the negotiations, what the parties assumed, et cetera, et cetera. I mean, from what I read from this is that the court, although with the knowledge that it was a sentencing court, just looked and said, here's what the agreement says. Why aren't we in the same position to do that? But I think the agreement is sufficient. Am I not understanding your question? I think that. Well, there's a difference between factual findings and interpreting a document. And factual findings, we defer to. I'm not sure that the court here is actually making factual findings. I think the court is interpreting the document. I think he made the factual finding because he was there to observe Mr. Thornton's credibility. He recalls the sentencing. It was a rather high sentence. Is the sentencing transcript in our record now? Is it in the record?  Yes. And you'll also see that in the sentencing record, unlike what the government was insinuating, there's no reference to this prior, just to reiterate that question. Can I also refer to something else that the court spoke about, about the sua sponte, if I have a moment? Sure. While I agree that Mr. Thornton is the one who originally in pro se filed this motion, the judge never actually, the district court never actually ruled on that motion. What happened next was the judge asked me to be reappointed. I got reappointed. The judge didn't ask me to make a motion. The judge asked me to brief the motion. I think there's an argument to be made that the record suggests that in addition to the court considering Mr. Thornton's motion, he also may have decided this sua sponte without specifically saying that, because Mr. Thornton was the one who made the motion. Sotomayor, presumably you would suggest that he do a sua sponte and we bank back in the same place, is that basically where we are? Right. But I'm suggesting that he may have done it. Which suggests that we should rule on the other issues anyway. Yeah. I mean, I think there's several issues in my favor, in Mr. Thornton's favor on that level anyway. But, yes, I think sua sponte, the judge has made it clear where he wants to go. And I'm just saying Mr. Thornton didn't have a right to court-appointed counsel on that. He asked me to brief it. I was acting at the judge's order. I think there's room in the record to argue that, in fact, this was, in fact, also sua sponte. Okay. Thank you for your argument, counsel. Thank you. Clear from the government on rebuttal. You can put two minutes on. Thank you, Your Honor. Austin is not distinguishable from this case. At page 929, the opinion says, although the agreement acknowledges the court's sentencing guidelines under Justice Sotomayor's approach, it is the terms of the C agreement that dictate, not the judge's separate calculations. And furthermore, that because the plea agreement does not contain any information about Austin's criminal history category, the court was not able to determine a range from the four corners of the plea agreement. This Court is in precisely the same position as the district court to look at that plea agreement and construe the terms. Is the question whether the court based the sentence on the guidelines or whether the plea agreement based the sentence on the guidelines? The plea agreement. The latter, Your Honor. And the plea agreement said it did. Well, the plea agreement did not say that it was based upon a particular range, and there's no way to infer from that. But it said it was based on the guidelines. Well, it's based upon the guidelines only pursuant to the guidelines. The sentencing, every single sentencing determination has to be pursuant to the guidelines and Freeman makes very clear there's a distinction between being based upon a sentencing range, which is what is required under 3582c2, and having some reference to or pursuant to or taking into account the guidelines. Here there's. There's a point in between. I take, I mean, I understand your argument, but I gather what the defense is arguing is that you could figure out the range from the plea agreement and that's enough. Yeah. Well, you can't figure out what the range was because his actual guidelines range was in the end 46 to 57 months, so there's no relation how you get from that range to 96. There's also an argument which hasn't been addressed here that Freeman, the Freeman concurrence, the governing opinion has been undermined by later, the later guideline statement. Can you address that? I'm sorry. By the later guideline change. Which guideline change, Your Honor? I'm not sure. I thought that there was an argument that the language of the guidelines have changed sufficiently, that the Freeman concurrence is no longer controlling. No, I don't believe that is the case, Your Honor. I'm fairly up to date with the amendments in this area, and I don't think that they're – I think it's completely consistent. Your argument is that pursuant, the reference in the plea agreement pursuant to is not, if it had said based on, then we'd be okay? Well, even if it had said based on, there's no range. The operative point is there's no range. If you don't put the range in, then you don't comply with Justice Sotomayor and Austin. Right. Well, in Dillon, in Dillon, the Supreme Court explained that this is a very limited exception to the rule of finality for a sentence. Well, you're saying something a little different than what Judge Fischer says. You're saying, and if you couldn't calculate the range. In other words, I gather that if the criminal history section had also been in there and so you could have added it all up and come up with a range, you wouldn't be arguing this. The position seems to be that you could not translate what's in the plea agreement to a range. That's correct. But there's a second component to that, which is that the stipulated sentence has to be based on it. So you have the range in there, but there's no expression for how the stipulated sentence is connected to that range. That wouldn't be sufficient for the district court to entertain into the 3582 decision of how to get from 96 and translate that down to a lower sentence. In this case, the probation department recommended 62 months. The district court ended up at 78. Nobody knows how 96 was supposed to translate to a lower sentence under this very limited framework. I'd also like to mention that Thornton never argued that the waiver was invalid because of an inadequate Rule 11 colloquy, and this Court, and so has waived that argument. But in any case, this Court, just to clarify, Rule 11bN doesn't say that the terms in the plea colloquy has to go over all waivers. It simply says that the terms of any plea agreement provision waiving the right to appeal or to collaterally tack the sentence have to be gone over in the colloquy, and this Court has also said that a 3582C2 motion to reduce is not a collateral attack. So currently, there is no rule, certainly not in Rule 11, that requires that to be gone over in the plea colloquy. This Court should not make a new rule without briefing on the issue. And finally — You're over your time. Thank you. Finally, I'd ask this Court to reverse. Thank you. The case just heard will be submitted. Thank you both for your arguments.
judges: Thomas, Fisher, Berzon